IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARGIE ROMERO,

    Plaintiff,

vs.                                                  Case No: 1:20-cv-678 KRS-LF

WAL-MART STORES, EAST, LP,
EDWARD TAFOYA, and
JOHN AND JANE DOES 1-9,

    Defendants.

## SECOND AMENDED COMPLAINT FOR
## PERSONAL INJURY AND DAMAGES

COMES NOW Plaintiff, Margie Romero, by and through her attorneys, DeLara | Supik | Odegard P.C., and for Second First Amended Complaint for Personal Injury and Damages, states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a resident of Albuquerque, Bernalillo County, New Mexico.

2. Defendant Wal-Mart Stores East, LP, (hereinafter "Wal-Mart") is a foreign corporation or limited partnership conducting business in New Mexico that can be served through its registered agent, Corporation Process Company, 726 E. Michigan, Suite 330, Hobbs, NM 88240.

3. Defendant Edward Tafoya (hereinafter "Tafoya") was a resident of Albuquerque, Bernalillo County, New Mexico at the time of the incident that forms the basis of Plaintiff's Second Amended Complaint, but claims that he has been a resident of Texas since 2019.

4. Defendant Cindi McWatters (hereinafter "McWatters") is a resident of Albuquerque, Bernalillo County, New Mexico.

5. Upon information and belief, Defendants John and Jane Does 1-9 (hereinafter "Doe Defendants") are residents of New Mexico.

6. The events giving rise to this action occurred in Albuquerque, Bernalillo County, State of New Mexico, at the Wal-Mart store #5491 located at 2266 Wyoming Blvd NE, Albuquerque, NM 87112.

7. Jurisdiction and venue are proper in both state and federal court; however, Plaintiff is seeking to remand this matter to Second Judicial District Court where this matter was initially filed.

**FACTUAL BACKGROUND**

8. Plaintiff realleges and incorporates all allegations contained in the above paragraphs, as if fully set forth herein.

9. At all times relevant to this Complaint, the above-referenced Wal-Mart was owned and/or operated by Defendant Wal-Mart.

10. At all times relevant to this Complaint, Defendant Tafoya was the store manager for the above-referenced Wal-Mart store and an employee or agent of Defendant Wal-Mart.

11. At all times relevant to this Complaint, Defendant McWatters was the assistant store manager for the above-referenced Wal-Mart store and an employee or agent of Defendant Wal-Mart.

12. At all times relevant to this Complaint, Doe Defendants worked at the above-referenced Wal-Mart store and were employees or agents of Defendant Wal-Mart, who had some oversight or control over the store.

13. On or about April 15, 2018, Plaintiff was a customer/patron at the above-referenced Wal-Mart store.

14. While Plaintiff was shopping in the garden center location of the store, she tripped and fell due to a dangerous change in the level, elevation, and surface of the floor, including brick pavers; and as a result, sustained serious injuries.

15. There were no warnings to Plaintiff or the public regarding the raised brick pavers that caused her to fall, and the change in elevation between the floor and the pavers was obscured from view.

16. Defendants setup, or supervised and oversaw the setup, of the display where Plaintiff tripped and fell.

17. Defendants had oversight and were responsible for the area where the incident occurred, including keeping the area safe and free of hazards.

18. Defendant McWatters conducted an investigation of the incident, which included taking a written statement from Plaintiff and communicating with risk management.

19. Following the incident that is the subject of this lawsuit, Defendants removed the pavers, or had them moved at their direction.

**COUNT I:  NEGLIGENCE**

20. Plaintiff realleges and incorporates all allegations contained in the above paragraphs, as if fully set forth herein.

21. At all times relevant, Defendants Tafoya and McWatters had control oversight and control over the premises and other employees such that they each had a duty to use ordinary care to keep the premises, including the area where Plaintiff was injured, safe for customers.

22. At all times relevant, Doe Defendants had control or oversight over the area where Plaintiff was injured, such that they each had a duty to use ordinary care to keep the area safe for customers.

23. All employees working on April 15, 2018 at the subject Wal-Mart, including Defendants Tafoya, McWatters, and Does are responsible for keeping the premises safe and free of hazards, which includes inspecting and maintaining the floors.

24. In addition, on April 15, 2018, management for the subject store, which includes Defendants Tafoya and McWatters, was required to walk the store routinely looking for unsafe and hazardous conditions.

25. Defendants Tafoya, McWatters, and Does breached their duty of ordinary care by allowing a hazard to remain on the premises.

26. Defendants Tafoya, McWatters, and Does breached their duty of ordinary care by failing to place any markers, indicators or other warnings to customers/patrons concerning the hazardous condition.

27. Defendants Tafoya and McWatters breached their duty of ordinary care by failing to properly supervise, direct or train employees in keeping the floors of the store safe.

28. Plaintiff suffered personal injury and damages as a result of the hazardous condition on the premises.

29. Defendants' breach of duties caused Plaintiff to suffer damages in an amount to be determined at trial, which includes, but is not limited to, past and future medical expenses; past and future non-medical expenses; nature, extent, and duration of injuries; past, present, and future pain and suffering; loss of enjoyment of life; costs allowed by law; and any other claims for legal damages which may exist pursuant to New Mexico law.

30. Defendant Wal-Mart is vicariously liable for Defendant Tafoya, McWatters, and Does' torts under the concepts of agency and *respondeat superior*.

31. Defendant Wal-Mart is directly liable for all damages caused by its own negligence.

32. The acts or omissions of Defendants show a sufficient culpable mental state as to justify an award of punitive damages for the willful, wanton, reckless and utter indifference by Defendants resulting in injury and damage to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory damages, punitive damages, costs, pre-judgment and post-judgment interest, and for such other appropriate relief as is just and proper.

Respectfully submitted,

DELARA | SUPIK | ODEGARD P.C.

By   */s/ Christopher J. DeLara*
　　　Christopher J. DeLara
　　　Christopher J. Supik
　　　David C. Odegard
　　　P.O. Box 91596
　　　Albuquerque, NM 87199-1596
　　　(505) 999-1500
　　　chris@delaralaw.com
　　　supik@delaralaw.com
　　　odegard@delaralaw.com
　　　*Attorneys for Plaintiff*

This is to certify that on this 16th day of July, 2020, the foregoing Second Amended Complaint for Personal Injury and Damages was filed electronically through the CM/ECF system, which caused the following to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Megan T. Muirhead
Amanda N. Krasulick
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
500 Fourth Street NW, Suite 1000
Albuquerque, New Mexico 87102
(505) 848-1800
mmuirhead@modrall.com
akrasulick@modrall.com
*Attorneys for Defendants*


*/s/ Christopher J. DeLara*
Christopher J. DeLara
Christopher J. Supik
David C. Odegard
*Attorneys for Plaintiff*